Philippe Zimmerman (PZ-7744)
Scott E. Silberfein (SS-1947)
**MOSES & SINGER LLP**
The Chrysler Building
405 Lexington Avenue
New York, New York  10174
(212) 554-7800

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X

ALLEN WOLFSON,                                      :
                                                    :
                                                    :     Civil Action No.: 08-cv-3790 (LTS)(MHD)
                      Plaintiff,                     :
                                                    :     **AFFIDAVIT OF**
        - against -                                 :     **ROBERT BENOU**
                                                    :
CONOLOG CORPORATION,                                :
                                                    :
                      Defendant.                    :
                                                    :
-------------------------------------------------------------- X

STATE OF NEW JERSEY    )
                       )ss.:
COUNTY OF SOMERSET     )

        ROBERT BENOU, being duly sworn, deposes and says:

        1.      I am the Chairman and Chief Executive Office of Defendant, Conolog Corporation ("Conolog").  I respectfully submit this affidavit in support of Conolog's motion to dismiss the complaint of Plaintiff, Allen Wolfson ("Wolfson"), pursuant to Fed. R. Civ. P. 12(b)(2), due to a lack of personal jurisdiction or, in the alternative, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted.

2.    I have personal knowledge of the facts set forth below and make this affidavit based upon that knowledge, together with my review of Wolfson's complaint[1] and Conolog's books and records.

*Conolog and its Business*

3.    Since its founding in 1968, Conolog has been and continues to be engaged in providing digital signal processing and digital security solutions to electric utilities, selling electromagnetic products to the military, and providing engineering and design services to a variety of industries, government organizations and public utilities nationwide.

4.    I was the founder and first president of Conolog, and have served it for forty years initially as President and since May 2001 as Chairman and Chief Executive Officer.

5.    Conolog is a Delaware corporation, with its principal place of business and headquarters located at 5 Columbia Road, Somerville, New Jersey 08876.

6.    Conolog is not registered to do business in the State of New York and has not been registered to do business in the State of New York since 1995.

7.    Conolog has not conducted any business in the State of New York since 1995.

8.    Conolog does not have nor has it ever had an office located in the State of New York.

9.    Conolog does not own or lease nor has it ever owned or leased real estate in the State of New York.

10.    Conolog does not employ and has not employed any persons in the State of New York.

---

[1] A true and accurate copy of the complaint is attached hereto as Exhibit A.

11.    Conolog does not retain and has not retained any independent contractors in the State of New York.

12.    Conolog does not and has not directly or purposefully advertised in the State of New York.

13.    Conolog does not possess and has not possessed a bank account in the State of New York.

*Conolog is Located in New Jersey*

14.    The complaint asserts in Part I.B. that Conolog is located at "5 Columbia Road...Summerville, New York 08876."

15.    The complaint also asserts in Parts III.A. that the events giving rise to his claim occurred in "Summerville, New York."

16.    Conolog is located at 5 Columbia Road, Somerville, *New Jersey* 08876.  We have never been located in Summerville, New York.

17.    The zip code listed in the complaint and on the Statement of Service by Mail and Acknowledgment of Receipt By Mail of Summons and Complaint -- 08876 – is the one for Somerville, *New Jersey*.

*Negotiation of the Contracts*

18.    The complaint alleges that Conolog entered into four consulting contracts with "plaintiff and entities controlled by plaintiff."

19.    Wolfson is not a party to any of the alleged public relations/consulting services contracts or any other contracts or agreements with Conolog.

20.    In or about 2000, Conolog retained an agent (the "Agent") to assist Conolog in expanding its business to the Western United States.    The Agent was located in Boston, Massachusetts.

21.    At that time, the Agent put Conolog in touch with an entity known as World Alliance Consulting, Inc. ("WAC").

22.    All of Conolog's dealings with WAC, including the negotiation of a public relations/consulting services contract, were via telephone between Conolog's offices in New Jersey and WAC's offices in Utah.

23.    The negotiations resulted in a public relations/consulting services contract being executed on or about November 22, 2000 by Bonnie Jean Tippetts, President, on behalf of WAC and by me on behalf of Conolog.[2]

24.    In or about 2001, through Conolog's dealings with WAC, Conolog became aware of an entity known as Fengshui Consulting, Inc. ("Fengshui").

25.    All of Conolog's dealings with Fengshui, including the negotiation of a public relations/consulting services contract, were via telephone between Conolog's offices in New Jersey and Fengshui's offices in Utah.

26.    The negotiations resulted in a public relations/consulting services contract being executed on or about June 12, 2001 by Bonnie Tippetts, President, on behalf of Fengshui and by me on behalf of Conolog.[3]

27.    In or about 2002, through Conolog's dealings with WAC and Fengshui, Conolog became aware of an entity known as Hannah Wolfson, LLC ("Hannah Wolfson").

---

[2] A true and accurate copy of the WAC contract is attached hereto as Exhibit B.

[3] A true and accurate copy of the Fengshui contract is attached hereto as Exhibit C.

28.    All of Conolog's dealings with Hannah Wolfson, including the negotiation of a public relations/consulting services contract, were via telephone between Conolog's offices in New Jersey and Hannah Wolfson's offices in Utah.

29.    The negotiations resulted in a public relations/consulting services contract being executed on or about March 18, 2002 by Elizabeth Colmerares on behalf of Hannah Wolfson and by me on behalf of Conolog. [4]

30.    Also in or about 2002, through Conolog's dealings with WAC and Fengshui, Conolog became aware of an entity known as McFadden Group, LLC ("McFadden Group").

31.    All of Conolog's dealings with McFadden Group, including the negotiation of a public relations/consulting services contract, were via telephone between Conolog's offices in New Jersey and McFadden Group's offices in Utah.

32.    The negotiations resulted in a public relations/consulting services contract being executed on or about March 18, 2002 by Saundra Wolfson on behalf of McFadden Group and by me on behalf of Conolog. [5]

33.    All negotiations in regard to the WAC, Fengshui, Hannah Wolfson or McFadden Group public relations/consulting services contracts (the "Contracts") took place via telephone with the parties in New Jersey and Utah.

34.    Wolfson did not participate in the negotiation of the Contracts.

35.    Wolfson is not and was not a party to these Contracts.

36.    Indeed, at no time before or after the execution of the Contracts was I aware of Wolfson nor did I ever meet Wolfson.

---

[4] A true and accurate copy of the Hannah Wolfson contract is attached hereto as Exhibit D.

[5] A true and accurate copy of the McFadden Group contract is attached hereto as Exhibit E.

ROBERT BENOU

Sworn to before me this
6 day of June 2008

Notary Public

THEODORA M. DePRISCO
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires April 13, 2010

Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

'08 CIV 3790

ALLEN WOLFSON
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

COMPLAINT

-against-

CONOLOG CORPORATION
_____
_____
_____
_____
_____
_____
_____
_____

Jury Trial: ☐ Yes  ☐ No
(check one)

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

RECEIVED
SDNY PRO SE OFFICE
2008 MAR 25  P 4: 17

**I.    Parties in this complaint:**

A.    List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff    Name    ALLEN WOLFSON    03430-018

Street Address    80 29th Street

County, City    BROOKLYN

State & Zip Code    New York 11232

Telephone Number

B.    List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

*Rev. 05/2007*                    1

| Defendant No. 1 | Name | GONOLOG CORPORATION |
| | Street Address | # 5 columbia road summerville |
| | County, City | Summerville |
| | State & Zip Code | New York 08876 |
| | Telephone Number | |

| Defendant No. 2 | Name | |
| | Street Address | |
| | County, City | |
| | State & Zip Code | |
| | Telephone Number | |

| Defendant No. 3 | Name | |
| | Street Address | |
| | County, City | |
| | State & Zip Code | |
| | Telephone Number | |

| Defendant No. 4 | Name | |
| | Street Address | |
| | County, City | |
| | State & Zip Code | |
| | Telephone Number | |

## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal Questions          ☒ Diversity of Citizenship

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

_____

_____

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____ UTAH _____

Defendant(s) state(s) of citizenship _____ New York _____

*Rev. 05/2007*                    2

III.    Statement of Claim:

State as briefly as possible the facts of your case.   Describe how each of the defendants named in the
caption of this complaint is involved in this action, along with the dates and locations of all relevant events.
You may wish to include further details such as the names of other persons involved in the events giving
rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims,
number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.     Where did the events giving rise to your claim(s) occur?   Summerville New York
              and Salt Lake City Utah

B.     What date and approximate time did the events giving rise to your claim(s) occur?
       2001 Until 2008

C.     Facts:  Defendants enter into an agreement with plaintiff and
entities controlled by plaintiff to pay 360,000 shares of restricted
stock over four years ago. Defendant paid ninety thousand shares
of stock to entities controlled by plaintiff. Defendants entered
four separate contracts of ninety thousand shares each to four
entities controlled by plaintiff. Defendant contract required that
the defendant would pay the balance of the Conolog stock in
installments of thirty thousand shares on each agreement. Defendant
failed to abide by the contractual agreement. Defendants did a
reverse on there stock providing 10 shres for one. Defedants contract
did not allow for reverse shares. Plaintiff spent over a million
dollars supporting defendants stock and maintaining a dollar price
in order that the Conolog stock would not be delisted.Defendant
is aware that plaintiff completed all terms of his consulting
agreement. Plaintiff on at least two different occasions has demanded
payments and defendant has ignored plaintiff's request in violation
of there contractual agreement.

IV.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical
treatment, if any, you required and received.

a. Was anyone else involved?

The presidnet of the company who is Robert Benou. He made the agreement with plaintiff. His board of directors must have ratified the agrements.

b. Who else saw what happened?

Keven Kirkpatrick a broker with Olsen Payne a Brokerage firm
James Payne the owner of Olsen Payne

3(a)

## V.    Relief:

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation.    Plaintiff asks for relief and a judgement of $2,160,000 dollars which is calculated on the high price of the stock which was 270,000 shares at 8 dollars a share. Defendant should also pay punitive damages as well as any court costs. Defendants breach of their agreement has harmed plaintiff and his family.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __18__ day of __March__, 20__08__.

Signature of Plaintiff    _Allen Wolfson_    #03430-018

Mailing Address    P.O. BOX 329002

Metropolitan DetentionCenter

Brooklyn New York 11232

Telephone Number    _____

Fax Number *(if you have one)*    _____

Note:    All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.

## For Prisoners:

I declare under penalty of perjury that on this __18__ day of __March__, 20__08__ I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:    _Allen Wolfson_

*Rev. 05/2007*                                4

Exhibit B



# Conolog
## CORPORATION

8 COLUMBIA ROAD, SOMERVILLE, NEW JERSEY 08876-3538 / 908-722-8081  FAX NO. 908-722-5461

Dated as of November 20, 2000

Ms. BonnieJean Tippetts, President
WORLD ALLIANCE CONSULTING, INC.
3809 Southwest Temple
Salt Lake City, Utah 84115

Re: Public Relations/Consulting Services

Dear Ms. Tippetts:

This is to set forth our agreement and understanding between Conolog Corporation, (Conolog) and WORLD ALLIANCE CONSULTING, INC. as follows:

TERM – 90 days, starting November 20, 2000 and automatically renewable unless modified or terminated by either party with 30 days written notice.

SERVICES BY: WORLD ALLIANCE CONSULTING, INC. – Public relation duties as requested by the President of Conolog Corporation including but not limited to promoting awareness of the Company as a whole within the financial communities.

CONSIDERATION – Conolog to sell WORLD ALLIANCE CONSULTING, INC. at signing of this agreement 300,000 (THREE HUNDRED THOUSAND HUNDRED) shares of Conolog Corporation common stock that have not been registered under the Securities Act of 1933, as amended; for a total sum of $93,750 (Ninety Three Thousand Seven Hundred Fifty Dollars) payable on or before November 29, 2001 Bonus shares may be granted, from time to time, at the discretion of Conolog's Board.

WORLD ALLIANCE CONSULTING, INC. represents that it is acquiring the shares for its own account, for investment, and not with a view to, or for sale in connection with, any distribution thereof or with any present intention of selling or otherwise transferring the shares or any interest therein. WORLD ALLIANCE CONSULTING, INC. acknowledges and agrees that the shares may not be sold, transferred, pledged or otherwise disposed of without registration under the Securities Act Of 1933, as amended, or exemption therefrom.

If the foregoing correctly sets forth our understanding, please execute this letter in the place provided below.

Accepted and
Agree to above terms
WORLD ALLIANCE CONSULTING, INC.

BonnieJean C Tippetts

BonnieJean Tippetts, President

date 11-22-00

Very Truly Yours,
CONOLOG CORPORATION

Robert Benou, President

Exhibit C



**Conolog**
CORPORATION

5 COLUMBIA ROAD, SOMERVILLE, NEW JERSEY 08876-3508 / 908-722-8081  FAX NO. 908-722-5461

June 12, 2001

Ms. Bonnie Tippetts, President
FENGSHUI CONSULTING INC.
3809 Southwest Temple
Salt Lake City, Utah 84115

Re: Public Relations/Consulting Services

Dear Ms. Tippetts:

This is to set forth our agreement and understanding between Conolog Corporation,
(Conolog) and FENGSHUI CONSULTING INC. as follows:

TERM – 24 months, starting May 1, 2001 and terminates on April 30, 2003.

SERVICES BY: FENGSHUI CONSULTING INC. – Public relation duties as requested
by the President of Conolog Corporation including but not limited to promoting awareness of the
Company within the financial communities.

CONSIDERATION – Conolog to pay FENGSHUI CONSULTING INC. effective May 1,
2001, 20,000 (TWENTY THOUSAND) shares of Conolog Corporation common stock that have
not been registered under the Securities Act of 1933, as amended.

FENGSHUI CONSULTING INC. represents that it is acquiring the shares for its own
account, for investment, and not with a view to, or for sale in connection with, any distribution
thereof or with any present intention of selling or otherwise transferring the shares or any interest
therein. FENGSHUI CONSULTING INC. acknowledges and agrees that the shares may not be
sold, transferred, pledged or otherwise disposed of without registration under the Securities Of
1933, as amended, or exemption therefrom.

If the foregoing correctly sets forth our understanding, please execute this letter in the
place provided below.

Accepted and
Agree to above terms
FENGSHUI CONSULTING INC.

*Bonnie Jean Le Tippetts*

Bonnie Tippetts, President

date _6-12-2001_

Very Truly Yours,
CONOLOG CORPORATION

*Robert Benou*

Robert Benou, Chairman/CEO

Exhibit D

Date: 3/18/0~

Dear: Hannah Wolfson, LLC

This is to set forth our agreement and understanding between Conolog Corporation, (Company) and names ( Consultant) as follows:

1535    Hannah Wolfson, LLC
        1935 East River Oaks Drive
        Salt Lake City, Utah 84093

TERM:    One year starting, March 22, 2002 and ending February 21, 20093

SERVICES BY: Consultant - Duties as requested by the Company and limited to promoting awareness, Consultant of the Company as a whole within the financial communities.

CONSIDERATION: Company shall pay Consultants a total of 90,000 (NINETY THOUSAND) shares of Conolog Corporation common stock that has not been registered under the Securities Act of 1933, as amended, as follows:

- 45,000 (FORTY FIVE THOUSAND) shares at the signing of this agreement.

- 22,500 (TWENTY TWO THOUSAND FIVE HUNDRED) shares 90 days after signing this agreement.

- 22,500 (TWENTY TWO THOUSAND FIVE HUNDRED) shares 180 days after signing this agreement.

Consultant represents that it is acquiring the shares for its own account, for investment and not with a view to, or for sale in connection with any distribution thereof or with any present intention of selling of otherwise transferring shares or any interest therein. Consultant acknowledge and agree that the shares may not be sold, transferred, pledged or otherwise disposed of without registration under the Securities Act of 1933, as amended therefrom.

Acceptance of this agreement voids any agreements signed prior of March 22, 2002.

If the following correctly sets forth our understanding, please execute this letter in the place provided below.

Accepted:

_____
Elizabeth Colmenares, Hannah Wolfson, LLC

Very Truly Yours,
CONOLOG CORPORATION

_____
Robert Benou, Chairman/CEO

TOTAL P.00

Exhibit E

Date: 3/18/0~

Dear: McFadden Group, LLC

This is to set forth our agreement and understanding between Conolog Corporation, (Company) and names ( Consultant) as follows:

McFadden Group, LLC
1738 Oak Spring Drive
Salt Lake City, Utah 84108

TERM:    One year starting, March 22, 2002 and ending February 21, 2003.

SERVICES BY: Consultant - Duties as requested by the Company and limited to promoting awareness, Consultant of the Company as a whole within the financial communities.

CONSIDERATION: Company shall pay Consultants a total of 90,000 (NINETY THOUSAND) shares of Conolog Corporation common stock that has not been registered under the Securities Act of 1933, as amended, as follows:

- 45,000 (FORTY FIVE THOUSAND) shares at the signing of this agreement.

- 22,500 (TWENTY TWO THOUSAND FIVE HUNDRED) shares 90 days after signing this agreement.

- 22,500 (TWENTY TWO THOUSAND FIVE HUNDRED) shares 180 days after signing this agreement.

Consultant represents that it is acquiring the shares for its own account, for investment and not with a view to, or for sale in connection with any distribution thereof or with any present intention of selling of otherwise transferring shares or any interest therein. Consultant acknowledge and agree that the shares may not be sold, transferred, pledged or otherwise disposed of without registration under the Securities Act of 1933, as amended therefrom.

Acceptance of this agreement voids any agreements signed prior of March 22, 2002.

If the following correctly sets forth our understanding, please execute this letter in the place provided below.

Accepted:

_____
Saundra Wolfson, McFadden Group, LLC

Very Truly Yours,
CONOLOG CORPORATION

_____
Robert Benou, Chairman/CEO

TOTAL P. 03