Philippe Zimmerman (PZ-7744)
Scott E. Silberfein (SS-1947)
**MOSES & SINGER LLP**
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 554-7800

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                                :
ALLEN WOLFSON,                                                  :
                                                                :
                                   Plaintiff,                   :     Civil Action No.: 08-cv-3790 (LTS)(MHD)
                                                                :
         - against -                                            :
                                                                :
CONOLOG CORPORATION,                                            :
                                                                :
                                   Defendant.                   :
                                                                :
-------------------------------------------------------------- X

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

                          **MOSES & SINGER LLP**
                          The Chrysler Building
                          405 Lexington Avenue
                          New York, New York 10174-1299
                          (212) 554-7800

                          *Attorneys for Defendant*
                          *Conolog Corporation*

On the Brief:

    Philippe Zimmerman, Esq.
    Scott E. Silberfein, Esq.

696153v3 011085.0103

## INTRODUCTION

Defendant, Conolog Corporation ("Conolog" or "Defendant"), respectfully moves this Court to dismiss the complaint of Plaintiff, Allen Wolfson ("Wolfson" or "Plaintiff"), (i) pursuant to Fed. R. Civ. Pro. 12(b)(2), due to this Court's lack of personal jurisdiction over Conolog or, in the alternative, (ii) pursuant to Fed. R. Civ. Pro. 12(b)(6), for failure to state a claim upon which relief can be granted.

Plaintiff's complaint should be dismissed. Plaintiff fails to allege any facts that may permit this Court to exercise either specific or general personal jurisdiction over Defendant. Indeed, Conolog is not amenable to suit in New York because it is not present in New York and none of the activities complained of in Wolfson's complaint occurred in New York.

Further, even assuming, *arguendo*, that this Court finds that it may exercise personal jurisdiction over Conolog, Plaintiff's complaint should be dismissed because Plaintiff's breach of contract action cannot be sustained as Wolfson is not a party to the contracts in connection with which he sues.

## FACTUAL BACKGROUND

The facts relevant to this motion are set forth in the Affidavit of Robert Benou, with exhibits, sworn to on June 6, 2008.[1] For the sake of brevity, the following is a short summary of the relevant facts.

Conolog provides digital signal processing and digital security solutions to electric utilities, sells electromagnetic products to the military, and provides engineering and design services to a variety of industries, government organizations and public utilities nationwide.

---
[1] The accompanying Affidavit of Robert Benou is referred to herein as "Benou Aff. ¶___."

Benou Aff. ¶3. Conolog is a Delaware corporation, with its principal place of business and headquarters at 5 Columbia Road, Somerville, New Jersey 08876. Benou Aff. ¶5.

Conolog has no direct contacts with New York. Benou Aff. ¶7. Specifically,

- Conolog is not registered to do business in the State of New York. Benou Aff. ¶6;

- Conolog does not have nor has it ever had an office located in the State of New York. Benou Aff. ¶8;

- Conolog does not own or lease nor has it ever owned or leased real estate in the State of York. Benou Aff. ¶9;

- Conolog does not employ and has not employed any persons in the State of New York. Benou Aff. ¶10;

- Conolog does not retain and has not retained any independent contractors in the State of New York. Benou Aff ¶11;

- Conolog does not and has not directly or purposefully advertised in the State of New York. Benou Aff. ¶12; and

- Conolog does not possess and has not possessed a bank account in the State of New York. Benou Aff. ¶13.

In the complaint, Plaintiff purports to assert a claim for breach of contract. He alleges that Conolog entered into four consulting contracts with "plaintiff and entities controlled by plaintiff." Benou Aff. ¶18. As established by the contracts which are referred to by Wolfson and attached as Benou Aff. Exhibits B-F, Wolfson is not a party to any of the contracts at issue.

All negotiations for the contracts alleged in the complaint took place via telephone between Conolog from its offices in New Jersey and the various counterparties to the contracts in Utah. Benou Aff. ¶¶23, 26, 29, 32, and 34. None of the negotiations took place in the State of New York. Id. Moreover, Wolfson was not a party to the negotiation of any of the contracts. Benou Aff. ¶35.

Further, no services were provided by Conolog or the entities that contracted with Conolog in the State of New York. Benou Aff. ¶¶38-39. Indeed, Conolog has not conducted any business in the State of New York since 1995. Benou Aff. ¶7.

## ARGUMENT

### POINT I

### DISMISSAL IS APPROPRIATE BECAUSE THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER CONOLOG

Pursuant to Fed. R. Civ. Pro. 12(b)(2), this action should be dismissed in its entirety. Conolog is not amenable to suit in New York because none of the activities complained of in Wolfson's complaint occurred in New York. Further, Conolog which is not present in New York, does not conduct systematic or continuous business in New York so that it would reasonably expect to be sued in New York.

### A.   Legal Standard

Plaintiff has failed to allege facts, even if accepted as true, permitting this Court to exercise personal jurisdiction over Conolog. On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish jurisdiction. Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 507 (2d. Cir. 1994)("The burden of proving jurisdiction is on the party asserting it"). Plaintiff must make a showing of jurisdiction "by pleading in good faith ... legally sufficient allegations of jurisdiction." Jazini v. Nissan Motor Co., 148 F.3d 181, 184 (2d Cir. 1998)(affirming decision of district court dismissing the complaint because plaintiff did not make a prima facie showing that the district court had jurisdiction over defendant).

Pursuant to Fed. R. Civ. Pro. 4(e), "district courts have personal jurisdiction over non-resident defendants to the extent authorized under the law of the forum state in which the district court sits." Fed. R. Civ. Pro. 4(e) (2007); Madison Models, Inc. v. Casta, 2003 U.S. Dist. LEXIS 14844, *6 (S.D.N.Y. 2003)("A federal court sitting in diversity jurisdiction may exercise personal jurisdiction to the same extent as courts of general jurisdiction in the state in which it sits"). New York's long-arm statute permits the exercise of personal jurisdiction over a non-resident defendant to the full extent permitted by the Due Process Clause of the Fourteenth Amendment of the Constitution. N.Y. C.P.L.R. § 302.

"Federal courts sitting in New York thus engage in a two-step analysis, examining first whether New York law would support the exercise of personal jurisdiction and, if so, turning to the question of whether New York's extension of jurisdiction would, under the circumstances, be permissible under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States." Madison Models, Inc., 2003 U.S. Dist. LEXIS 14844, *6.

In order to exercise personal jurisdiction over Conolog, the Due Process Clause of the Fourteenth Amendment requires that Conolog have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Best Van Lines, Inc. v. Walker, 490 F.3d 239, 242 (2d Cir. 2007) (citation omitted).

State forums exercise their jurisdiction over persons where there exists general or specific jurisdiction over the persons. "For purposes of the minimum contacts inquiry, a distinction is made between specific and general jurisdiction. Specific jurisdiction exists when the forum exercises jurisdiction over the defendant in a suit arising out of the defendant's contacts with that

forum." In re Terrorist Attacks on September 11, 2001, 349 F.Supp.2d 765, 811 (S.D.N.Y. 2005. "A court's general jurisdiction, on the other hand, is based on the defendant's general business contacts with the forum state and permits a court to exercise its power in a case where the subject matter of the suit is unrelated to those contacts. Because general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test." Metropolitan Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 568 (2d Cir. 1996).

To satisfy the Due Process Clause of the Fourteenth Amendment, however, both general and specific jurisdiction require "the defendant's conduct and connection with the forum State [to be] such that he should reasonably anticipate being haled into court there." Worldwide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). Wolfson has not, and cannot, make such a showing.

**B.   This Court Lacks Specific Personal Jurisdiction Over Conolog**

Determining whether due process permits an exercise of specific jurisdiction over a corporation requires an analysis of two components: the minimum contacts test and a reasonableness inquiry. Metro. Life Ins. Co., 84 F.3d at 567. A forum state may exercise specific personal jurisdiction over a defendant corporation only if the suit "aris[es] out of or [is] related to the defendant's contacts with the forum." Id., at 567-8. Minimum contacts exist when the defendant "purposefully direct[s] his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." S.E.C. v. Alexander, 160 F.Supp.2d 642, 656 (S.D.N.Y. 2001)(quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985). This "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." Burger King Corp., 471 U.S. at 475, (quoting Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774, (1984)).

Thus, Plaintiff must establish that Conolog took actions in New York to further its alleged business relationship with Plaintiff. However, Conolog did not purposefully avail itself of a business opportunity (or opportunities) in New York. None of the contracts were negotiated in New York, performed in New York or otherwise had anything to do with New York. Benou Aff. ¶¶34, 38-40. Accordingly, there is no basis for specific jurisdiction.

The only allegations in the complaint arguably pertaining to specific jurisdiction are that Conolog is located at "5 Columbia Road, Summerville, New York 08876," Benou Aff. ¶14, and that the events giving rise to the claim occurred in "Summerville, New York." Id., ¶15. These allegations are demonstrably false because Conolog is located at 5 Columbia Road, Somerville, *New Jersey* 08876. Benou Aff. ¶16. The zip code for Conolog listed in the complaint, 08876, is for Somerville, New Jersey. Id., ¶17. Plaintiff's erroneous statements is insufficient to meets its burden on this motion.

Accordingly, the Court does not have specific personal jurisdiction over Conolog. Thus, pursuant to Fed. R. Civ. P. 12(b)(2), this Court should dismiss the Complaint in its entirety.

### C.   This Court Also Lacks General Personal Jurisdiction Over Conolog

Plaintiff also cannot establish that this Court has general personal jurisdiction over Conolog. A forum state may exercise general jurisdiction over a foreign corporation only if it maintains continuous and systematic general business contacts with that forum to warrant a finding of its presence in the state. Jazini, 148 F.3d at 184 (internal citations omitted). The greater reach of general jurisdiction requires "significantly more than mere minimum contacts," and the plaintiff seeking to exert general jurisdiction must show that the defendant's contacts

with the forum are "continuous and systematic." Daventree Ltd. v. Republic of Azerbaijan, 349 F.Supp.2d 736, 761 (S.D.N.Y. 2004)(quoting Metro. Life Ins. Co., 84 F.3d at 568).

In determining whether a foreign corporation's contacts with New York are "continuous and substantial," courts look at several factors. "These factors include the following indicia of jurisdiction: the existence of an office in New York; the solicitation of business in New York; the presence of bank accounts or other property in New York and the presence of employees or agents in New York." Landoil Resources Corp. v. Alexander & Alexander Servs., Inc., 918 F.2d 1039, 1043 (2d Cir. 1990)(affirming dismissal of complaint for lack of personal jurisdiction).

As demonstrated in the accompanying Benou Aff., Conolog does not conduct business in New York, does not have an office in New York, does not advertise in New York, does not own or rent property in New York, does not maintain a bank account in New York, and does not have employees or independent contractors in New York. Benou Aff. ¶7-13.

Based upon the foregoing, Conolog does not systematically and continuously conduct business in New York sufficient for this Court to exercise general personal jurisdiction over Conolog.

\*   \*   \*

Although sensitive to the Court's interest in ensuring that *pro se* litigants are provided a full and fair opportunity to be heard, Conolog respectfully submits that such an interest does not justify subjecting a defendant to the burden of defending an action before a court without proper jurisdiction. See, e.g., Brooks v. Von Lenthe, 207 Fed. Appx. 85 (2d Cir. 2006)(affirming dismissal of *pro se* plaintiff's complaint because plaintiff failed to make a prima facie showing

that the district court had personal jurisdiction over the defendants); Pieczenik v. Dolan, 2003 U.S. Dist. LEXIS 23295, *25 (S.D.N.Y. 2003)(dismissal of *pro se* plaintiff's complaint, including breach of contract cause of action). There is no basis for the Court to exercise jurisdiction in the case at bar. Neither Conolog nor the contracts at issue have any connection to New York.

## POINT II

### NO CONTRACTUAL RELATIONSHIP EXISTS BETWEEN PLAINTIFF AND DEFENDANT

Even assuming, *arguendo*, that this Court concludes that Defendant is subject to personal jurisdiction in New York, this action must be dismissed because Plaintiff is not a party to the contracts at issue.

Plaintiff's complaint is devoid of all the key elements of a cognizable claim for breach of contract against Conolog. Most central is that Plaintiff is not a party to any of the contracts alleged in the Complaint. Benou Aff. ¶36. Non-signatories to a contract may be liable for contract damages in only the narrowest of circumstances. A contract cannot bind a non-party unless the contract was signed by the party's agent, the contract was assigned to the party or the signatory is in fact the alter ego of the party. International Customs Assocs., Inc. v. Ford Motor Co., 893 F. Supp. 1251, 1255 (S.D.N.Y. 1995)(dismissing claim and holding that a contract cannot bind a non-party); Global Entertainment, Inc. v. New York Telephone Co., 2000 U.S. Dist. LEXIS 16038, *22 (S.D.N.Y. 2000). None of these scenarios has been alleged by Plaintiff or are applicable to the case at bar.

In considering a motion to dismiss, the Court may consider, not only the allegations contained within the four corners of the complaint, but also the full text of documents on which Plaintiff relied in bringing [the] lawsuit." Schalit v. Cigna Life Ins. Co. of New York, 539 F. Supp.2d 715 (S.D.N.Y. 2008) (citing Rothman v. Gregor, 220 F.3d 81, 88-9 (2d Cir. 2000). This includes any documents attached as exhibits or those incorporated by reference. Cosmas v. Hassett, 886 F.2d 8, 15 (2d Cir. 1989). "In the event that a plaintiff alleges a claim based on a written instrument, as is the case here, the court may consider such an instrument in ruling on a Rule 12(b)(6) motion even if it was not attached to the complaint and made a part thereof . . . ." Sazerac Company, Inc. v. Falk, 861 F. Supp. 253, 257 (S.D.N.Y. 1994) (citations omitted).

Consistent with this rule, Defendant has submitted copies of the contracts relied on by Plaintiff for the Court's review. Benou Aff., Exhs. B-E. Because Conolog has attached the contracts at issue, the proper test of Plaintiff's complaint is not whether it has properly stated a cause of action, but rather whether Plaintiff possesses a viable claim against Conolog based on the terms of the contracts at issue. In cases where unambiguous contracts on a motion to dismiss are provided, the scrutiny given a plaintiff's complaint is heightened, such that "[i]n those circumstances where the legal conclusions and factual allegations are flatly contradicted by documentary evidence, they are not presumed to be true or accorded every favorable inference and the criteria becomes 'whether the proponent of the pleading has a cause of action, not whether he has stated one.'" Ark Bryant Park Corp. v. Bryant Park Restoration Corp., 730 N.Y.S.2d 48, 54 (1st Dep't 2001) (citing Guggenheimer v. Ginzburg, 43 N.Y.2d 268, 275, 401 N.Y.S.2d 182, 185 (1977). Said another way, where "documents contradict Plaintiffs' allegations . . . this Court must grant Defendants' motion to dismiss". Rapoport v. Asia Elecs. Holding Co., 88 F. Supp. 2d 179, 182 (S.D.N.Y. 2000); Tectrade Int'l Ltd. v. Fertilizer Dev. &

Investment, B.V., 685 N.Y.S.2d 235 (1st Dep't 1999)("on a motion to dismiss provisions of the parties' contract prevail over the conclusory allegations of the complaint, and although . . . the facts pleaded are presumed to be true and accorded every favorable inference, allegations consisting of bare legal conclusions, as well as factual claims . . . flatly contradicted by documentary evidence are not entitled to such consideration").

In the case at bar, the contracts contradict Plaintiff's implication that he entered into contracts with Conolog. Tellingly, Plaintiff does not even allege that he is a party to the contracts. Rather, he ambiguously alleges that Conolog entered into contracts "plaintiff and entities controlled by plaintiff." Benou Aff. ¶18.

Further, where, as here, the plaintiff's complaint is in direct conflict with the documentary evidence, courts rely on the document at issue to resolve any contradiction.[2] Feick v. Fleener, 653 F.2d 69, 75 (2d Cir. 1981) ("Since the documents upon which appellants based their claim show on their face absence of any grounds for relief, dismissal was proper"); 2 Broadway LLC v. Credit Suisse First Boston Mortgage Capital LLC, 2001 U.S. Dist. LEXIS 4875, *27 (S.D.N.Y. 2001)("Plaintiffs' conclusory allegations to the contrary are contradicted by the documents attached to the Complaint, and are therefore insufficient to defeat the motion to dismiss"); Rapoport, 88 F. Supp. 2d at 182 (where "documents contradict Plaintiffs' allegations... this Court must grant Defendants' motion to dismiss"). Thus, dismissal is mandated because the documentary evidence conclusively evidences Wolfson's lack of privity with Conolog.

Applicable law establishes that when, as in the case at bar, the documentary evidence presented on a motion to dismiss establishes that no contractual relationship existed between

---

[2] Of course, the interpretation of an unambiguous contract is a question of law – not of fact – and appropriately left to the court to determine. McLean v. Village of Sleepy Hollow, 166 F. Supp. 2d 898, 902 (S.D.N.Y. 2001). In other words, this Court needs look no further than the attached contracts to determine the lack of privity between Wolfson and Conolog.

plaintiff and defendant, dismissal of a breach of contract claim is required. 2 Broadway LLC, 2001 U.S. Dist. LEXIS 4875, *30 ("Therefore, because the documents control in a motion to dismiss for failure to state a claim ... the Complaint fails as a matter of law to state a claim"); Feick, 653 F.2d at 75. Here, there is no privity of contract between Wolfson and Conolog. Privity of contract means "[t]he relationship between the parties to a contract, allowing them to sue each other but preventing a third party from doing so." Black's Law Dictionary 1237-38 (8th ed. 2004). New York has held privity of contract as a requirement for a breach of contract claim. Yucyco, Ltd. v. Republic of Slovenia, 984 F.Supp. 209, 215 (S.D.N.Y. 1997) (holding that a non-party to a contract may not assert a claim "to recover damages for breach of contract against a party with whom it is not in privity"); See Perma Pave Contracting Corp. v. Paerdegat Boat & Racquet Club, Inc., 549 N.Y.S.2d 57, 58 (1st Dep't 1989)(same).[3]

Accordingly, Plaintiff is not in privity of contract with Conolog and, therefore, cannot sustain a breach of contract action against Defendant. Plaintiff's complaint must, therefore, be dismissed.

---

[3] No number of changes to Plaintiff's complaint alters the central facts requiring dismissal — (i) Plaintiff is and was not a party to the contracts, and (ii) Plaintiff fails to allege any basis to permit him to recover damages from Conolog in connection with the contracts. Thus, permitting the complaint to be amended would be futile. Similarly, "Jurisdictional discovery is inappropriate where, as in the instant case, a plaintiff has failed entirely even to allege facts from which a court properly could infer the existence of jurisdiction." Madison Models, Inc., 2003 U.S. Dist. LEXIS 14844, *18.

## CONCLUSION

For all of the foregoing reasons, Conolog's motion should be granted in its entirety and this action dismissed.

Dated: New York, New York
       June 10, 2008

                         Respectfully submitted,

                         By: _____
                            Philippe Zimmerman (PZ-7744)
                            Scott E. Silberfein (SS-1947)
                        **MOSES & SINGER LLP**
                        The Chrysler Building
                        405 Lexington Avenue
                        New York, New York 10174
                        Telephone: (212) 554-7800
                        Facsimile: (212) 554-7700

                        Attorneys for Defendant, Conolog Corporation