UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
ALLEN WOLFSON,

        Plaintiff,

     -v-                                No. 08 Civ. 3790 (LTS)(MHD)

CONOLOG CORPORATION,

        Defendant.
--------------------------------------------------------x

<u>MEMORANDUM OPINION AND ORDER</u>

        <u>Pro se</u> plaintiff Allen Wolfson ("Plaintiff" or "Wolfson") brings this breach of contract against Conolog Corporation ("Defendant" or "Conolog"), alleging that Conolog breached an agreement to pay 360,000 shares of Conolog stock to Plaintiff or entities controlled by Plaintiff.  Defendant moves the Court pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure to dismiss Plaintiff's complaint for lack of personal jurisdiction, or, in the alternative, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint for failure to state a claim upon which relief can be granted.

        The Court has considered thoroughly all of the parties' submissions.  For the reasons stated below, Defendant's motion to dismiss the complaint is granted without prejudice to reinstitution of the litigation in an appropriate jurisdiction.

<u>BACKGROUND</u>

        In his <u>pro se</u> complaint (the "Complaint"), Plaintiff alleges that Defendant entered into four agreements with "plaintiff and entities controlled by plaintiff" to pay to each entity 90,000 shares of Conolog stock, for a total of 360,000 shares.  (Compl. p. 3.)  In exchange, these

corporations were to perform consulting work for Defendant.  (Id.)  This consulting work was completed.  (Id.)  Defendant paid 90,000 shares total, but failed to provide the balance of the shares.  (Id.)  Defendant also failed to respond to two separate requests for payment by Plaintiff. (Id.)  Plaintiff further allege that Defendant's offices are located in "Summerville, New York" and that the relevant events took place in Summerville, New York, and in Utah. (Id. at pp. 1, 3.)

Plaintiff filed the Complaint on March 25, 2008, seeking damages in the amount of $2,160,000.00, allegedly representing the highest price of Conolog stock, as well as punitive damages and court costs.  Defendant filed a Notice of Motion to Dismiss, a Memorandum of Law in Support of Motion to Dismiss, and an Affidavit of Robert Benou ("Benou Aff."), president of Conolog.  Attached to the Benou Affidavit were copies of the four contracts at issue. Plaintiff responded with an Objection to Defendant's Request to Dismiss Plaintiff's Complaint ("Pl.'s Obj."), as well as an Objection to Affidavit of Robert Benou ("Pl.'s Obj. to Benou Aff."). Defendant filed a Reply Memorandum of Law.

As noted above, Plaintiff purports to sue on contracts made with him or with entities under his control.  Defendant's opposition papers were accompanied by copies of four letter agreements between Defendant and various entities, none of which mentions or is signed by Wolfson.  (See Exs. B, C, D and E to Benou Aff.)  In seeking to dismiss the Complaint for failure to state a claim, Defendant argues that the Complaint contains no facts indicating that Plaintiff has standing to sue on the contracts that are at issue.  Plaintiff admits the authenticity of the documents, but alleges in response that the entities were owned by him and that he authorized the signatories to execute them.  (See Pl.'s Obj. to Benou Aff.)  He further alleges that he caused the entities to assign the contract rights to him.  (Id.)

With respect to personal jurisdiction, Defendant alleges that it is a Delaware corporation with offices located in <u>Somerville, New Jersey</u> (not "Summerville, New York"), and that all of the relevant communications took place between Utah and New Jersey.  It further denies that it conducts any business in New York or employs any contractors or representatives in this state.  (<u>See</u> Benou Aff.)  Plaintiff's responsive declaration acknowledges that Defendant is in New Jersey and confirms that the communications took place between Utah and New Jersey, but asserts that this Court has power to exercise jurisdiction over Defendant by reason of Defendant's listing on and membership in NASDAQ, its listing as a NASDAQ company and the trading of its stock through brokers in this jurisdiction.   He alleges that he performed the consulting activities contemplated by the contracts at issue and that those activities consisted of purchases of stock from market makers who reside in New York to support Defendant's stock price.  Plaintiff does not allege that Defendant sells any stock directly or through brokers in this jurisdiction, or that Defendant conducts any other business in this jurisdiction. (<u>See</u> Pl.'s Obj. to Benou Aff.; Pl.'s Obj.)

<span style="font-variant:small-caps">Discussion</span>

<u>Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6)</u>

On a motion to dismiss a complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally."  <u>Roth v. Jennings</u>, 489 F.3d 499, 510 (2d Cir. 2007).  The court must give particular latitude to complaints prepared by <u>pro se</u> plaintiffs, which are held to "less stringent standards than formal pleadings prepared by lawyers."

Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).  Pro se complaints should be interpreted "to raise the strongest arguments that they suggest." Knight v. Keane, 247 F. Supp. 2d 379, 383 (S.D.N.Y. 2002) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).  While the court reads a pro se complaint liberally, the complaint must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007). The Twombly standard "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007).

In some circumstances, the court may properly consider documents other than the complaint in evaluating a motion to dismiss for failure to state a claim.  "Documents that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered." Roth, 489 F.3d at 509.  If a document is not attached to the complaint or incorporated therein, the court may consider such document if it is integral to the plaintiff's claim.  Id.; see also Sazerac Company, Inc. v. Falk, 861 F. Supp. 253, 257 (S.D.N.Y. 1994). Here, Plaintiff did not attach copies of the contracts on which he bases his claim, but Defendant did include copies of the contracts in its motion papers.  Plaintiff made no objection to the accuracy of these copies, and the Court will consider the contracts as documents incorporated in the Complaint by reference.

Plaintiff's Complaint fails to state a claim upon which relief may be granted, because Plaintiff has not alleged any facts supporting his claim that he has personal rights under the contracts.  "A contract cannot bind a non-party unless the contract was signed by the party's agent, the contract was assigned to the party, or the signatory is in fact the 'alter ego' of the

party." Global Entertainment, Inc. v. New York Telephone Co., No. 00 Civ. 2959 (SHS), 2000 WL 1672327, at *7 (S.D.N.Y. Nov. 6, 2000).  It is also "well established that a plaintiff in a breach of contract action 'may not assert a cause of action to recover damages for breach of contract against a party with whom it is not in privity.'" Yucyco, Ltd. v. Republic of Slovenia, 984 F. Supp. 209, 215 (S.D.N.Y. 1997) (quoting Perma Pave Contracting Corp. v. Paerdegat Boat & Racquet Club, Inc., 549 N.Y.S.2d 57, 58 (2d Dep't 1989)).

Because Plaintiff proffers in his opposition papers that he is the assignee of the signatory entities' rights under the contracts, however, the Court will dismiss the Complaint without prejudice to reinstitution of the litigation based on a complaint that has been amended to incorporate facts sufficient to demonstrate plausibly that he is entitled to sue under the contracts. Leave will not be granted to file an amended complaint in this district however, because, as explained below, Plaintiff has failed to proffer facts sufficient to demonstrate a basis for this Court's exercise of jurisdiction over the Defendant.

Motion to Dismiss for Lack of Personal Jurisdiction Under Rule 12(b)(2)

A federal court sitting in diversity jurisdiction may exercise personal jurisdiction over a defendant to the same extent as courts of general jurisdiction in the state in which it sits. Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 305 F.3d 120, 124 (2d Cir. 2002).  In New York, federal courts engage in a two-part inquiry.  Federal courts look first to see if jurisdiction is authorized by New York statute.  Best Van Lines, Inc. v. Walker, 490 F.3d 239, 242 (2d Cir. 2007).  "If, but only if, [the] answer is in the affirmative, [courts] must then determine whether asserting jurisdiction under that provision would be compatible with the requirements of due process established under the Fourteenth Amendment to the United States

Constitution." Id.

A New York federal court may exercise general personal jurisdiction over a defendant corporation pursuant to N.Y. C.P.L.R. § 301 if it is "engaged in such a continuous and systematic course of 'doing business' in New York as to warrant a finding of its 'presence' in [the state]." Jazini v. Nissan Motor Co., 148 F.3d 181, 184 (2d Cir. 1998) (quoting Delagi v. Volkswagenwerk A.G., 29 N.Y.2d 426, 430-31 (1972)). A New York court may exercise specific personal jurisdiction over a foreign defendant under N.Y. C.P.L.R. § 302(a)(1) if, first, the defendant "transacts any business" in New York," and second, if so, the "cause of action 'aris[es] from' such a business transaction." Best Van Lines, Inc., 490 F.3d at 246 (citing Deutsche Bank Sec., Inc. v. Montana Bd. of Invs., 818 N.Y.S.2d 164, 166 (N.Y. 2006)). "Transacting business" is defined for purposes of § 302(a)(1) as "purposeful activity – 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" Id. at 246-47 (quoting McKee Elec. Co. v. Rauland-Borg Corp., 283 N.Y.S.2d 34, 37-38 (1967)). A claim "will be deemed to have arisen out of a party's activities in New York if there is an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York." Id. at 246 (quoting Henderson v. INS, 157 F.3d 106, 123 (2d Cir. 1998)). When a district court relies "solely on the pleadings and supporting affidavits" to determine personal jurisdiction, "the plaintiff need only make a prima facie showing of jurisdiction." Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 507 (2d Cir. 1994).

Plaintiff has failed to make a prima facie showing of jurisdiction in this case. The jurisdictional facts proffered in Plaintiff's opposition submissions are insufficient to support

personal jurisdiction under either N.Y. C.P.L.R. § 301 or N.Y. C.P.L.R. § 302(a)(1).  The activities relied upon by Plaintiff, Conolog's NASDAQ listing and trading in Conolog stock by New York brokers – do not constitute the type of "continual and systematic" contacts that would subject Conolog to general personal jurisdiction in New York under § 301.  Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88, 97 (2d Cir. 2000) (holding that a listing on a New York stock exchange, without other substantive contacts, was insufficient to confer jurisdiction).

These alleged contacts, and Plaintiff's own alleged purchases of Conolog stock from New York brokers, are also insufficient to provide a specific transactional jurisdictional basis under N.Y. C.P.L.R. 302(a)(1) for the claim alleged here, which is for breach of the payment provisions of contracts that were admittedly negotiated in telephone calls between New Jersey and Utah and required Conolog to provide stock to Utah firms.

Accordingly, Defendant's motion to dismiss the complaint for lack of personal jurisdiction is granted, without prejudice to reinstitution of the action in a forum in which personal jurisdiction of Defendant can be obtained.

## CONCLUSION

For the reasons explained above, Defendant's motion to dismiss the Complaint is granted.  The Complaint is dismissed, without prejudice, for failure to state a claim upon which relief can be granted.  Defendant's motion is also granted to the extent it seeks dismissal of the action for lack of personal jurisdiction, without prejudice to reinstitution of the litigation in another forum.  This Memorandum Opinion and Order resolves docket entry no. 9.

Because the Bureau of Prisons' website indicates that Plaintiff has been transferred to FMC Butner, the Clerk of Court is respectfully directed to send a copy of this

Memorandum Opinion and Order to Plaintiff at FMC Butner, Federal Medical Center, P.O. Box

1600, Butner, N.C., 27509, as well as to his address of record as reflected on the docket of this

action. The Clerk of Court is further requested to enter judgment in accordance with this

Memorandum Opinion and Order and close this case.

SO ORDERED.

Dated: New York, New York
February 25, 2009

LAURA TAYLOR SWAIN
United States District Judge